(27 Misc. Rep. 244.)

### HASTINGS et al. v. HASTINGS et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. COVENANTS AGAINST INCUMBRANCES—BREACH—REMEDY.
    The remedy for a breach of covenant in a deed against incumbrances is an action at law, and not a suit in equity to compel a release or satisfaction of the incumbrance.

2. SAME—DAMAGES.
    A covenantee in a deed is entitled to recover only nominal damages for a breach of a covenant against incumbrances, where he has not paid the incumbrances whose existence constitutes the breach.

3. SAME—JUDGMENTS—CANCELLATION—EVIDENCE—FRAUD.
    Defendant executed a deed containing a covenant against incumbrances while there was a judgment against him that was a lien on the land. Co-defendant had procured an assignment from an assignee of the judgment. In a suit for a breach of the covenant, and to compel co-defendant

to execute a release, defendant failed to take the witness stand on his own behalf, and to call the original assignee of the judgment to testify; and it was shown that co-defendant had made equivocal and guarded statements to plaintiff's attorney about the matter. *Held* not sufficient to show that defendant and co-defendant were acting in collusion with each other, and that the judgment had been purchased with defendant's money.

4. SAME—COSTS.

The complaint should be dismissed, but without costs, on account of defendants' reticence and apparent lack of candor, creating an impression almost amounting to a presumption of collusion.

Action by Mary E. Hastings and others against William H. Hastings, individually, and as executor of the estate of Sarah Hastings, and others. Dismissed.

William H. Blain, for plaintiffs.

William G. Bussey, for defendants William H. Hastings and Jacob A. Mittnacht.

WERNER, J. Plaintiffs' cause of action is based upon a covenant against incumbrances contained in a deed from the defendant William Hastings and his wife to the plaintiffs, and upon oral representations alleged to have been made by said William H. Hastings, to the effect that at the time of the execution and delivery of said deed there were no judgments against him which were liens upon the lands described in said deed. Plaintiffs alleged and proved the breach of said covenant and representations. There are two judgments in favor of Julia M. Schermerhorn and Mary E. C. Thebaud against William H. Hastings, amounting to $246.65, which were and are liens upon the interest of the latter in the premises described in the complaint. The plaintiffs seek equitable relief, and ask—First, that the defendant Mittnacht be compelled to execute a release of said judgments; second, that if said Mittnacht shall be held to be a purchaser in good faith, and for value, of said judgments, the defendant William H. Hastings be compelled to pay and discharge the same; third, that, in the event of the refusal or failure of the defendant William H. Hastings to secure the satisfaction and discharge of said judgments, the said trustees and executors pay the same out of the funds in theirs hands belonging to said defendant William H. Hastings; fourth, that upon the tender to said Mittnacht of the amount due upon said judgments, either by said William H. Hastings or by said executors and trustees, said Mittnacht execute and deliver proper satisfaction pieces.

The usual and sufficient remedy upon the breach of a covenant against incumbrances is an action at law. In such an action the plaintiff is entitled to recover at least nominal damages upon proof of the breach (Stearn v. Hesdorfer, 9 Misc. Rep. 134, 29 N. Y. Supp. 281); and, if the grantee has paid the incumbrance, the amount paid is the measure of damages (McGuckin v. Milbank, 83 Hun, 473, 31 N. Y. Supp. 1049; Hall v. Dean, 13 Johns. 105). The judgments herein have not been paid, and hence the plaintiffs' damages are simply nominal. It cannot be contended that a court of equity will retain jurisdiction of a legal action for purely nominal dam-

ages simply because of a defendant's failure to plead that the plaintiff has an adequate remedy at law. It is only where a plaintiff has a substantial cause of action, which is purely legal in its character, that a court of equity will retain the jurisdiction, which it has assumed without objection on the part of a defendant. The defendants herein have failed to plead that plaintiffs have an adequate remedy at law. But, as the plaintiffs have acquired no right to substantial damages, the question which arises upon this failure to plead is more academic than practical.

In the last analysis, the plaintiffs are entitled to no relief unless they have made out a case for equitable relief. We do not think they have succeeded in doing this. There is considerable ground for the suspicion that the defendants Mittnacht and William H. Hastings are in collusion with each other to defeat the attempts of the plaintiffs to secure a discharge or release of said judgments. But it is only a suspicion based upon the failure of said Hastings to take the witness stand in his own behalf, and to call as a witness William J. Harrington, for whom Mittnacht says he bought said judgment, and upon Mittnacht's equivocal and guarded attitude in his conversations with the plaintiffs' attorney. The latter was undoubtedly led to believe that the former was acting in the interests of William H. Hastings. That is probably the fact, but there is nothing in this that is necessarily inconsistent with Harrington's bona fide ownership of said judgments. Plaintiffs' attorney did not ask Mittnacht whether he had bought these judgments with his own money, or with the money of some other person. He probably considered that a useless formality, because he assumed that they were bought with the money of Hastings. But we are not at liberty to say that Mittnacht would not have given correct information as to the ownership of these judgments if he had been asked to do so; nor can we assume, in the absence of evidence upon the subject, that Harrington is not a bona fide assignee thereof. Until the plaintiffs are able to show that the usual legal remedy in such a case is unavailing, they can establish no right to equitable relief. As the case stands, therefore, we must conclude—First, that the plaintiffs have no legal cause of action, except for nominal damages; second, that they have no right to equitable relief until they are able to show that the usual remedy at law must fail.

The complaint must therefore be dismissed, but without costs, for the reason already suggested,—that the reticence and apparent lack of candor on the part of both Hastings and Mittnacht create an impression amounting almost to a presumption of collusion. Let findings and decree be prepared and submitted accordingly. Ordered accordingly.