## In re LANSING'S ESTATE.

### LANSING et al, Appellants, v. OAKS, Respondent.

### (216 N. W. 353.)

(File No. 6050.   Opinion filed November 30, 1927.)

1. **Wills—Issues Involved in Will Contests Being Essentially Equity Questions, Verdict of Jury Is Advisory Only (Rev. Code 1919, § 3564).**

   Issues involved in will contest, as to whether execution of will was secured by fraud and undue influence and maker lacked testamentary capacity, being essentially equity questions, verdict of jury thereon, authorized by Rev. Code 1919, § 3564, is advisory only.

2. **Wills—Judgment in Will Contest Without Court Making Findings and Conclusions of Law Which Were Not Waived Held Error as Amounting to No Trial (Rev. Code 1919, §§ 3225, 3226, 3564).**

   Where will was contested in probate court under Rev. Code 1919, § 3225, for fraud and undue influence and that maker lacked testamentary capacity, and after judgment therein for proponent contestants appealed to the circuit court and issues were submitted to jury under section 3564, and there was no written waiver of findings of fact and conclusions of law, and verdict was returned for proponent, judgment for proponent presumably entered on verdict, without trial court having made findings and conclusions as required by section 3226, held error amounting to no real trial of case.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Wills, Key-No. 318(3), 40 Cyc. 1320; **(2)** Key-No. 382, 40 Cyc. 1341.

For procedure in contest of wills and matter of verdict, see Bancroft's Probate Practice, Vol. 4, pgs. 294 and 386.

Appeal from Circuit Court, Minnehaha County; Hon. Herbert B. Rudolph, Judge.

In the matter of the estate of Mary J. Lansing, deceased. Petition to contest the will by B. F. Lansing and others against Belle D. Oaks, administratrix with the will annexed of the estate of Mary J. Lansing, deceased, proponent. Judgment for proponent in the county court, and contestants appeal to the circuit court. From a judgment for proponent in the circuit court, and from an order denying a new trial, contestants appeal. Judgment and order reversed, and case remanded for new trial.

*Tobin & Raley*, of Sioux Falls, for Appellants.
*Caldwell, Caldwell & Burns*, of Sioux Falls, for Respondent.

MORIARTY, C. This is an appeal from a judgment in a will contest proceeding.

An instrument purporting to be the will of Mary J. Lansing, deceased, was presented for probate by one Adelbert F. Oaks, who was in no way related to Mary J. Lansing, but was named in the instrument as executor and as residuary legatee. The appellant B. F. Lansing is a son of the decedent, and the appellants William Loftus, Glenn Kennison, and Mrs. Lewis Crom, Jr., are the children of deceased daughters of the decedent.

These appellants appeared in the county court and contested the will on the grounds that the execution of the instrument was secured by fraud and undue influence, and that the maker lacked testamentary capacity at the time the instrument was signed by her. The county court decided for the proponent and adjudged the instrument to be the valid will of Mary J. Lansing, deceased.

From that judgment the contestants appealed to the circuit court on questions of both law and fact, and demanded a trial de novo.

In the circuit court both parties appeared at the trial, and there was no written waiver of findings of fact and conclusions of law. But a jury was impaneled and the trial proceeded as if it were an ordinary common-law action. The court instructed the jury as to what would justify a verdict for the plaintiff and what would justify one for the defendant. There was no attempt to submit any special interrogatory, and apparently only forms for general verdicts were submitted. The jury returned a verdict reciting:'

"We, the jury, * * * find for the defendant upon all the issues and against the plaintiffs."

Thereupon the court, without the making of any written decision, entered a judgment reciting that the case had been submitted to a jury, and the jury having returned a verdict in favor of the defendant and proponent, upon all the issues in said action, "which verdict is hereby adopted by the court," it is adjudged that the instrument (describing it) is the valid last will and testament of Mary J. Lansing, deceased, "and is hereby established as the last will and testament of the said Mary J. Lansing, deceased."

After the entry of this judgment Adelbert F. Oaks died, and Belle D. Oaks, as administratrix with the will annexed, was substituted as respondent.

The contestants have appealed from the judgment of the circuit court and from its order denying a new trial.

[1] Section 3225, Revised Code of 1919, states the issues which may be presented to the county court in a will contest proceeding.

Section 3226 provides:

"The court, after hearing the case, must give in writing the findings of fact and conclusions of law upon the issues submitted, and upon these the court must render judgment, either admitting the will to probate or repecting it."

Section 3564, R. C., provides that, when an appeal from the county court to the circuit court—

"is on questions of fact, or on questions of both law and fact, the trial in the circuit court must be de novo, and shall be conducted in the same manner as if the case and proceedings had originated in that court."

This section further provides for the submission to a jury of questions of fact arising upon such appeals. But the issues involved in these will cases are essentially equity questions, and the verdict of a jury in any such case is advisory only. State v. Nieuwenhuis, 49 S. D. 181, 207 N. W. 77; Brown v. Circuit Judge, 75 Mich. 274, 42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438.

In Brown v. Circuit Judge, supra, the Michigan court says:

"If the circuit judge was wrong in the theory on which he thought it was his duty to act, the case has never been heard at all in any legal way."

And that court further says:

"When a case is tried by a common-law jury one verdict settles the whole issue. * * * It is not possible to have one verdict in a suit in equity which shall decide the whole controversy."

[2] The assignments of error contained in appellants' brief do not clearly and definitely assign as error the failure of the circuit court to make findings and conclusions before entering judgment. The only assignment which could possibly be held to cover that point is the assignment that the verdict and judgment are contrary to the law and the evidence. In their argument appellants' counsel say that the verdict was advisory only, but they do not contend that the trial court erred in entering judgment without having made its decision in writing.

Under ordinary circumstances this court should say that the assignments fail to present any question as to error of the trial court in failing to make findings and conclusions. But the briefs in this appeal were prepared and filed before the decision in State v. Nieuwenhuis, supra, had been handed down by this court. Prior to the handing down of that decision the provisions of section 3564, R. C., relative to the effect of jury verdicts in cases of this kind, had never been passed upon by this court. That section provides that such verdicts "shall have the same force and effect as verdicts in actions at law." It is not surprising that the learned circuit judge and counsel on both sides of the case treated the verdict as binding on the court and failed to consider findings to be necessary. But there was no waiver of findings in any manner provided by statute, and therefore the making of findings was necessary to the entry of a valid judgment.

In Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343, this court quotes with approval 16 Cyc. 425, as follows:

"The parties are entitled to the opinion of the chancery court upon the issues of fact as well as upon the issues of law, even when the issues of fact have been submitted to a jury. It is, accordingly, error for the chancery court, acting in a merely ministerial capacity, to enter a decree simply on the jury's verdict. On the contrary, the decree which the court enters upon the return of the verdict must be its own decree, based upon its own knowledge of the facts, and it can treat the verdict of the jury only as an opinion on the facts which it is at liberty to consult."

The mere recital in the judgment that the court had adopted the verdict of the jury does not give the parties the benefit of the opinion of the court upon any question of fact, for the verdict decided no specific question of fact.

Under such circumstances this court is justified in holding with the opinion of the Michigan Court in Brown v. Circuit Judge, supra, that there has been no real trial of the case, and that it should be remanded for further action by the trial court.

Appellants' brief assigns as error the rulings of the trial court on numerous objections to evidence.

In his efforts to keep the evidence within the bounds of a strict jury trial the learned trial judge appears to have excluded evidence which might be admitted on a trial to the court. On this account we deem it best to send the case back for a new trial, instead of ordering the trial court to make findings based upon the evidence, taken before the jury, on the trial heretofore had.

The judgment and order appealed from are reversed, and the case is remanded for a new trial.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.