## In re OKESON'S ESTATE

OKESON, et al, Respondents, v. JOHNSON, et al, Appellants.

(217 N. W. 676.)

(File No. 6079.   Opinion filed February 4, 1928.)

388

*Krause & Krause* and *Erwin P. Van Buren,* all of Dell Rapids, and *Claude G. Krause,* of Minneapolis, Minn., for Appellants.

*Waggoner & Stordahl,* of Sioux Falls, for Respondents.

MISER, C. This is an appeal by proponents in a will contest from a judgment of the circuit court reversing the order of the county court of Minnehaha county admitting the will to probate. The appeal is also from the order of the circuit court denying a motion for new trial. In circuit court the issues of fact were submitted to a jury, which, on July 2, 1924, returned a general verdict for contestants, and also answered favorably to contestants special interrogatories on all questions relating to the mental competency of the deceased. The jury answered favorably to proponents the special interrogatories relating to undue influence. On May 16, 1925, proponents moved that judgment in their favor be entered notwithstanding the verdict, and that the court adopt as its findings of fact certain findings therewith presented to the court, or that a new trial be granted. The court denied the motion for judgment notwithstanding the verdict, refused the proposed findings, and, without making any findings of fact or conclusions of law, entered judgment for contestants respondents, and denied the motion for a new trial.

We do not find in appellant's 1334-page abstract and brief an assignment that the court erred in failing to make findings of fact as a basis for the judgment entered. The refusal to adopt proponent's findings is the basis of one of those "additional assignments of error" which follow assignment No. 70. The denial

of appellant's motion for a directed verdict at the conclusion of the evidence is made the basis of assignment No. 45. In this motion, as one of the grounds thereof, proponent states that the "evidence affirmatively and conclusively shows and requires a finding or verdict" that deceased had testamentary capacity and that no undue influence was exercised by the proponent. In the second of the "additional assignments of error" aforesaid, appellant states that the court further erred in entering judgment for contestants "for all the statutory reasons specified in their notice of intention and upon all the errors by them assigned as hereinbefore set out." Except as aforesaid, no assignments call to this court's attention the fact that no findings of fact were made as should have been made under State v. Nieuwenhuis, 49 S. D. 181, 207 N. W. 77, Lansing v. Oaks, 51 S. D. 615, 216 N. W. 353, and Vassilos v. Arnold, 52 S. D. 167, 216 N. W. 951. Section 3226, Rev. Code 1919, specifically requires findings of fact and conclusions of law. Even though the issues of fact have been submitted to a jury which has returned not only a general verdict, but answered special interrogatories, this court is entitled on this appeal to the opinion of the learned trial judge as to the facts and as to the conclusions of law which he draws therefrom. Furthermore, as was pointed out in Byrne v. McKeachie, 29 S. D. 487, 488, 137 N. W. 343, the method of review on appeal is not the same in a law action as it is in a case where the verdict of the jury is merely advisory. Also the effect of the admission of immaterial or improper evidence and the effect of the instructions to the jury are different. Until such findings have been made, this court cannot pass upon the errors assigned without indulging in the unwarranted presumption that the court has found the facts. In view of the fact that, at the time of the trial in circuit court, the opinion in State v. Niewenhuis had not been handed down, the trial court may have deemed itself bound under section 3564, R. C. 1919, by the verdict and answers of the jury to the special interrogatories. Nor does it appear that, on motion for new trial, the necessity for the court making its own findings of fact and conclusions of law was urged; the necessity for which has been sufficiently stated by this court in State v. Nieuwenhuis, supra, Lansing v. Oaks, supra, and Vassilos v. Arnold. In Lansing v. Oaks, by reason of exclusion of certain evidence, it was deemed best to order a new trial. In the case at

bar, no necessity for a new trial now appears. No costs should be taxed in favor of either party, not only for the reasons which hereinbefore appear, but also for the following reason: Part 1 of appellant's brief consists of 760 pages; part 2 of 562 pages; appellant's reply brief of 121 pages; respondent's brief of 166 pages; a total of 1609 pages. Of the 760 pages in part 1 there are 379 pages of evidence given in the form of questions and answers, and not in narrative form as required by rule 5. Yet the first half of respondent's brief is consumed in setting forth 168 proposed amendments to appellant's abstract of the evidence; and the first 31 pages of appellant's reply brief is filled with objections to respondent's amendments and with suggested additions. The result is a patchwork of appalling magnitude, beneath which the facts as to the testator's competency are most effectively concealed. This court cannot, in fairness to litigants whose appeals have been properly presented, waste its time in digging through an avalanche of words to find whether the trial court has committed one or more of the 70 errors assigned. However difficult and disagreeable the duty of making a condensed statement of the evidence, it is a duty which is incumbent upon the attorneys and one which they must not expect this court to perform for them. In the case at bar it required only 66 pages of appellant's brief, part 2, to set out assignments 1 to 44 relating to alleged errors in rulings on evidence, in which assignments the questions, objections, and answers are properly set out verbatim. There can be no excuse for over 300 additional pages of questions and answers contained in appellant's brief. The Supreme Court of the United States, in a decision announced January 3, 1928, in considering a like violation of its rules requiring condensation of the evidence, says:

"The error here is not merely abstract or formal. It consists of a total failure to observe an important regulation in a matter of substance. Nor is it harmless. It makes the case difficult of presentation by counsel, and materially augments the task of examination and decision by the court. Repetition of it in other cases would soon congest the dockets of the appellate courts." Barber Asphalt Paving Co. v. Standard, etc., Co., 48 S. Ct. 183, 72 L. Ed. 318.

Appellants also preface their statement of facts in part 2 with an appeal to judicial fairness and impartiality as follows:

"For a more daring attempt, and diabolically planned line of action to obtain a dead man's estate—to rob him of his right to dispose of his property as he will, and steal it from his legatee after his death, in the name of and pretentiously for the contestants, as revealed by the record in this case—has probably never been devised and so persistently sought to be carried out by a tripartite combination of banker, doctor, and lawyer, and their emissaries, whose resourcefulness at intrigue, in their attempts to gain the object of their avarice, is shown to have been so intense and persistent that, had not perpetration of their finally conceived diabolical scheme been interrupted by issuance and service of the restraining order of the court, the foundation for a charge of murder by poisoning would doubtless have been created and lodged against the principal beneficiary."

While such brilliant passages of invective illuminate the pages of a brief, they aid but little in determining whether the evidence shows the competency of Niels Peter Okeson to make a will, or whether undue influence was used upon him by appellants.

For all of the reason hereinbefore given, no costs should be taxed in favor of either party, and the case is remanded to the trial court, with directions to make such findings of fact and conclusions of law as he deems proper from the evidence, and to enter judgment in accordance therewith.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.