MUNCE et al., Appellants v. MUNCE et al., Respondents

(96 N.W.2d 661)

(File No. 9747. Opinion filed May 28, 1959)

Rehearing denied August 3, 1959.

**Mundt & Mundt,** Sioux Falls, for Plaintiffs and Appellants.

**Blaine Simons,** Sioux Falls, for Defendants and Respondents.

ROBERTS, J.  Plaintiff appeals from a judgment for the defendants.

Plaintiff, as special administratrix of the estate of her deceased husband, Fred H. Munce, and as the sole heir of her husband, brought this action to establish the existence of a partnership from February 25, 1911, to November 26, 1956, between her husband and his brothers, William and

Charles, and for an accounting and division of assets and determination of adverse claims.

The three brothers entered into a partnership in 1911 for the operation of a dray and storage business in Sioux Falls. It is admitted that the partnership continued until January 2, 1933. The court among others made the following findings: "* * * that on January 2, 1933, the said Fred H. Munce, by warranty deed, conveyed to said William J. Munce and Charles P. Munce all of his interest in certain real property owned by said partnership (description) * * * and that on said January 2, 1933, the said Fred H. Munce also, by bill of sale, transferred to said William J. Munce all of his interest in the assets of the said partnership of Munce Bros.; that thereafter the said Fred H. Munce was employed by said William J. Munce and Charles P. Munce up until the time of his death, and received pay therefor * * *. That Caroline Munce, mother of said William J. Munce, Charles P. Munce, and Fred H. Munce, died in 1946; that at the time of her death she owned, subject to mortgage, certain real estate described as Lot Three (3), Block Fifty-eight (58), Shaw's Addition to Sioux Falls, Minnehaha County, South Dakota; that her estate was not probated; that all of the heirs of said Caroline Munce, including said Fred H. Munce, conveyed their interest in said real property to said William J. Munce and Charles P. Munce, by warranty deeds; that said Opal Munce joined in such conveyance. * * * that said conveyances were voluntary and there was no writing in said instruments of conveyance creating a trust for the benefit of anyone. That the said Fred H. Munce died on November 26, 1956; that during the period between January 2, 1933 and November 26, 1956, the said Fred H. Munce brought no action in any court for the purpose of regaining title to any of the property, real or personal, conveyed by him to said defendants, or for any purpose; * * *. That no agreement was entered into in writing or otherwise between said Fred H. Munce and said defendants that said real and personal property would be reconveyed by said defendants to Fred H. Munce after he obtained a divorce from his wife, Pearl Munce; that said Fred H. Munce was divorced from Pearl Munce in 1936; that if there were such an agreement it was

for the purpose of defrauding said Pearl Munce; that said Opal Munce is not a creditor of the estate of said Fred H. Munce; that there was no agreement between the said Fred H. Munce and said defendants, orally or in writing, that said real and personal property would be reconveyed to said Fred H. Munce by said defendants."

The numerous errors assigned present the following contentions: (1) the findings of fact are not sufficiently supported by credible evidence; (2) the court erred in granting motion to strike the second cause of action based upon misrepresentation and fraud of the defendants; (3) the plaintiff was entitled to an accounting and to the production of the partnership records and copies of income tax returns; and (4) the refusal of the court to permit introduction of further testimony after the parties had rested was not warranted.

A partnership as defined by statute is an association of two or more persons to carry on as co-owners a business for profit. SDC 49.0201. Since there is no arbitrary test for determining the existence of a partnership, each case must be governed by its own peculiar facts and the existence of the relationship is a question for the trier of fact except in a case where the evidence is conclusive. The testimony and exhibits in the record before us did not impel a holding that Fred H. Munce and his brothers were partners after Jaunary 2, 1933 and to the time of his death. The transfers on that date by decedent of his interest in the partnership property are not questioned. Counsel for the plaintiff assert that the court should have tested the credibility of the defendants by their self-interest and weighing their testimony against facts and circumstances in evidence should have concluded that they testified falsely. Plaintiff offered in evidence the record of real estate mortgages executed by the mother, Caroline Munce, and dated February 25, 1911, to secure the payment of notes totaling the approximate sum of the purchase price of equipment purchased by the brothers for the purpose of carrying on the partnership business. Plaintiff asserts that the mother borrowed the money to finance the partnership enterprise. This the defendants emphatically denied. Counsel maintain that where

witnesses swear falsely as to a fact, their entire testimony should be disregarded and that applying this rule and rejecting the testimony of the defendants the court should have inferred that defendants agreed to reconvey to their brother his one-third interest after he obtained a divorce from his first wife. In Smith v. Gasper, 56 S.D. 592, 230 N.W. 20, 21, this court held: "The maxim 'Falsus in uno, falsus in omnibus,' is not an imperative rule as a matter of law." Moreover, the formation of a partnership in 1911 is admitted and it is unimportant whether or not the mother financed the business enterprise. There is credible evidence that decedent at the time of his death was an employee and that he had no interest in the partnership property.

■ ■ It is insisted that the trial court erred in striking out as surplusage the second cause of action. The first cause of action is based on a partnership relationship and seeks an accounting between the representative of a deceased partner and the suviving partners and division of assets. Paragraph one of the second cause of action sets out by reference all the allegations contained in the first cause of action. Plaintiff in subsequent paragraphs alleges that defendants had conspired to and had fraudulently obtained a transfer of the one-third interest in the partnership belonging to the decedent and that plaintiff had sustained damages in the amount of $55,000. As a general rule in the absence of statute one partner cannot maintain an action at law against the other to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and ascertaining the share to which each is entitled and up to that time a partner's only remedy is to apply to a court of equity for dissolution and accounting. Ellenbecker v. Volin, 75 S.D. 604, 71 N.W.2d 208. Exceptions to this general rule are set out in a supplementing annotation in 168 A.L.R. 1088. It is not claimed that decedent affirmed a dissolution of the partnership in 1933 between him and defendants and that the right of action here is for a money judgment for fraud and deceit. Under such circumstances, it may be that the acts constituting the tort would be outside of and apart from partnership transactions. Thus in

Crockett v. Burleson, 60 W. Va. 252, 54 S.E. 341, 342, 6 L.R.A.,N.S. 263, where a purchasing partner discovering that his former partner fraudulently represented the status of the account between them brought an action for fraud, the court said: "The gravamen of the action in this case is the alleged tort—the alleged personal wrong done to one partner by another, as to which there can be no partnership relation. The late partnership is in no way concerned. It cannot be conceived that there is anything in the former partnership relation which prevents the maintenance of this action, brought for damages for the alleged deceit." The partnership relationship is the basis of the first cause of action for an accounting. The second cause of action adopts all the allegations of the first and the other allegations sounding in tort are not relevant or material thereto. We hold, therefore, that the trial court did not err in sustaining the motion to strike the second cause of action stated in the complaint.

■■ Plaintiff insists that she was entitled to an accounting, production of the business records of the partnership and of copies of income tax returns. The trial court proceeded to try the issues presented by the pleadings in order to determine whether an accounting should be had. A complaint stating a good cause of action does not as a matter of course give plaintiff the right to an accounting. Before an accounting is in order, all matters in bar of an accounting should first be disposed of. 1 C.J.S. Accounting § 40; Benson v. Charles Weitz' Sons, 211 Iowa 489, 231 N.W. 431; Putman v. Superior Court, 209 Cal. 223, 286 P. 425; Gauthier v. Dickerson, 41 Wash.2d 419, 249 P.2d 370; Warden v. Richardson, 203 Okl. 474, 223 P.2d 338. The record indicates that counsel for plaintiff were granted leave to make an examination of the accounts and records of Munce Bros. and that a report of their examination was filed with the court. It does not appear from references in the report to the records of the business that their introduction in evidence would have tended to prove that decedent continued as a partner after January 2, 1933. We think the court followed the proper procedure.

■■ Plaintiff complains of the refusal of the court to reopen the case after both parties had rested to introduce

further testimony. Plaintiff did not ask to introduce the evidence on the ground of oversight or unintentional omission, but as appears from her affidavit submitted in support of the motion on the ground that during her examination at the trial she became confused and couldn't recall certain facts without having her attention directed to them. It is the contention of counsel that under the circumstances the court should have permitted the asking of leading questions to assist the plaintiff in giving her testimony and thus to elicit the facts. Plaintiff was examined and cross-examined, taking up 44 pages of the official transcript. It appears that many questions were ruled out because they were leading. Despite the danger of suggestion by leading questions, situations as counsel contend may arise which justify such mode of questioning. Wigmore on Evidence, 3d Ed., § 760. In Guiffre v. Carapezza, 298 Mass. 458, 11 N.E.2d 433, 434, 125 A.L.R. 1, it was said: "where a witness is imsponse to the stimulus of a question in the customary form, or for other reason difficult to examine in the usual manner, a judge may permit counsel to bring out what his witness knows by questions which involve such a degree of suggestion as appears to be necessary." But we can find under the circumstances of the instant case no ground for holding that the court abused its discretion in refusing to permit the asking of leading questions.

Judgment appealed from is affirmed.

All the Judges concur.