HOLZWORTH et al., Respondents v. ROTH et al., Appellants

(101 N.W.2d 393)

(File No. 9766. Opinion filed March 2, 1960)

**Gunderson, Farrar & Carrell,** Rapid City, for Defendants and Appellants.

**Burnell Hendricksen** and **Roswell Bottum,** Rapid City, for Plaintiffs and Respondents.

RENTTO, J. This suit in equity commenced on July 18, 1958, claimed a breach of the covenants of title in a series of standard form warranty deeds by which the title to Lot 37, Harmony Heights Addition in Spearfish, South Dakota, went from the Lampert Lumber Company to the Holzworths, as ultimate grantees. Those named as defendants are the grantors in this series of deeds. They interposed numerous objections to the suit, one of them being that in the circumstances of this case a suit in equity did not lie.

During the time that these named defendants successively owned the property, between June 26, 1956 and April

26, 1957, the construction of a residence thereon was commenced and carried on. Eight of the laborers and material-men contributing to this improvement were not paid so they filed mechanics liens. Six of them were filed for improvements commenced during the period when these defendants were the owners, and two for improvements started after the plaintiffs acquired their title. Subsequently on October 22, 1957, two of these lien claimants instituted an action to foreclose their liens naming the other six lien claimants and Martin Holzworth as defendants. This is urged by the plaintiffs as a breach of the covenants of title. None of the grantors in these various deeds were made parties to this foreclosure action nor does it appear that they had notice of it. Whether it was further prosecuted and with what results does not appear in this record. However, plaintiffs still occupy the premises.

In the suit here involved the Holzworths as the ultimate covenantees asked that the defendants be required to remove the mechanics liens or pay the amount thereof. The defendants by motion for judgment, by their answer, and by a requested conclusion of law directed the trial court's attention to their objection that a suit in equity was not the proper remedy. The trial court overruled this contention and entered judgment requiring the the defendants to remove the various liens or pay to the plaintiffs an amount equal to any judgment entered in the lien foreclosure action. From this judgment the defendants appeal.

 In this state the distinction between actions at law and suits in equity is abolished by statute. SDC 33.0101. All relief is administered through one proceeding termed a civil action. However, this statutory abolition of distinctions applies only to the form of action, and not to the inherent substantive principles which underlie the two systems of procedure. Byrne v. McKeachie, 29 S.D. 476 ,137 N.W. 343. In other words, the essential and inherent differences between legal and equitable relief are still recogniz-

ed and enforced in our system of jurisprudence. Parsons v. City of Sioux Falls, 65 S.D. 145, 272 N.W. 288. One of these principles is that if the primary right which is the foundation of the litigation is legal in nature and there is a remedy at law, the action is one at law. Pomeroy Equity Jurisprudence, 5th Ed., § 139. Equity has jurisdiction in such cases only if the legal remedy is not full, adequate and complete.

■ When property is conveyed by our standard form warranty deed, SDC 51.1403 writes into it these covenants on the part of the grantor, his heirs and personal representatives.

"that he is lawfully seized of the premises in fee simple, and has good right to convey the same; that the premises are free from all incumbrances; that he warrants to the grantee, his heirs, and assigns, the quiet and peaceable possession thereof; and that he will defend the title thereto against all persons who may lawfully claim the same."

They spell out the obligations on the part of the grantor, his heirs and personal representatives arising out of the agreement between the parties. A breach of any of them is in effect a breach of their contract for which an action for damages will lie.

■ Significantly the chapter of our statutes concerned with damages for breach of contract, SDC Ch. 37.18, prescribes the measure of damages to be allowed on breach of the covenants contained in our standard form warranty deed. SDC 37.1803 and SDC 37.1804. It seems to us that an action for breach of these covenants is clearly an action at law. Tropico Land & Improvement Co. v. Lombourne, 170 Cal. 33, 148 P. 206; Pearson v. Richards, 106 Or. 78, 211 P. 167; Heady v. Hollman, 251 Mo. 632, 158 S.W. 19 and Hastings v. Hastings, 27 Misc. 244, 58 N.Y.S. 416. See also 21 C.J.S. Covenants § 114; 14 Am.Jur., Covenants, Conditions and Restrictions, § 116. We think it follows that equity has no jurisdiction in this case if the remedy at law is full, adequate and complete. 30 C.J.S. Equity § 27.

██ Concerning the jurisdiction of equity the question of adequacy of the remedy at law appears in two aspects. Where the suit is properly cognizable in equity the existence of an adequate remedy at law may justify a court of equity in refusing to entertain the matter. This was the aspect in which it was before this court in Life Benefit, Inc. v. Forbragd, 68 S.D. 38, 298 N.W. 259. On the other hand, where the matter is legal in nature the absence of an adequate remedy at law is necessary to confer equitable jurisdiction. This is the aspect in which it is here involved. Accordingly, the burden of establishing this is on the plaintiffs.

We are unable to find that such inadequacy was urged by them or that it exists. On this feature the record is silent except as it is referred to in the contentions of the defendants. The complaint does not plead the inadequacy of an action at law nor are there any factual allegations from which such conclusion is inferable. In the findings and conclusions proposed by plaintiffs and adopted by the court this matter is not mentioned. Nor did the plaintiffs in either their brief or argument in this court make a claim of such inadequacy. In the absence of fraud or some other unusual circumstances rendering the remedy at law inadequate equity will not interfere in this type of case. 14 Am.Jur., Covenants, Conditions and Restrictions, § 117. Since it does not appear that plaintiffs' remedy at law was inadequate we must hold that equity is without jurisdiction.

██ Their remedy at law would have been even more efficient if Holzworth, who was a defendant in the lien foreclosure proceeding, had given these defendants notice of it and requested them to come in and defend the title they had warranted. This is called "voucher to warranty". McCormick v. Marcy, 165 Cal. 386, 132 P. 449, 451. It was mentioned by this court in Solberg v. Robinson, 34 S.D. 55, 147 N.W. 87. After such notice and request the judgment in that proceeding would be binding on them even if they did not defend it. Elliott v. Thompson, 63

Idaho 395, 120 P.2d 1014; Burchett v. Blackburne, 198 Ky. 304, 248 S.W. 853, 34 A.L.R. 1425; 14 Am.Jur., Covenants, Conditions and Restrictions, § 65; 21 C.J.S. Covenants § 89. That he neglected to utilize this privilege is of no help in getting this matter into equity. 30 C.J.S. Equity § 24; 19 Am.Jur., Equity, § 108. The trial court should have dismissed this suit.

Reversed.

All the Judges concur.