NELSON, Respondent v. NELSON, Appellant

(147 N.W.2d 1)

(File No. 10258. Opinion filed December 14, 1966)

**Stephens & Brandenburg** and **Gale B. Wyman,** Belle Fourche, on the brief, for defendant and appellant.

No brief filed by respondent.

BIEGELMEIER, Judge.

The summons and complaint in this action for divorce were served November 5, 1964; defendant's answer denying plaintiff's grounds of divorce was served December 1, 1964. The various pleadings and proceedings show each of the parties was represented by two groups of attorneys. A Notice of Trial dated January 7, 1965 signed by one of plaintiff's attorneys fixing January 19, 1965 as the time for trial was served on one of defendant's attorneys; this not being the commencement of a term of court for that county the notice was of no effect and apparently was abandoned.

By Affidavit and Petition of January 18, 1965 plaintiff asked the court to enter an order for counsel fees, support money for her and the two children then in her custody, permission to take them to Alaska, and other relief, on which the court set January 26, 1965 at 10:00 a. m. as the time for hearing. Defendant served answering affidavits resisting the Petition on January 22, 1965. There is no showing or order in the record to indicate what, if anything, occurred at this hearing or if it was ever held. However, on January 26th the record shows counsel took the testimony of the parties before the court reporter as adverse witnesses by stipulation. The examination of the plaintiff commenced at 10:00 a. m. and of defendant at 2:00 p. m. The transcripts of this evidence of 50 and 60 pages were filed with the clerk on February 2 and February 9, 1965. Apparently that order to show cause proceeding was abandoned. A written Motion for Trial by plaintiff dated January 20, 1965 has an Order of the trial court appended thereto fixing February 2, 1965 at 10:00 a. m. as the time for trial. See SDC 1960 Supp. 33.1110. It will thus be noted the foregoing proceedings were overlapping in time. All of them showed defendant appeared by counsel and plaintiff's attorneys recognized this by serving orders and notices on them; some of the court orders directed such service.

Chronologically the next entries are a Motion of plaintiff for a Decree of Divorce and a Decree of Divorce, both dated and filed February 23, 1965. The Motion was not served on anyone; the Decree was served on defendant on March 2, 1965. On March 23rd defendant presented what is titled a Motion for New Trial based on an Affidavit of one of defendant's counsel and other papers in support thereof to the trial judge, which by order fixed a time for hearing thereon. These, with later Answering and Reply affidavits were duly served. The court denied the motion. The reporter's 14-page transcript of proceedings at the divorce hearing filed December 8, 1965 shows that on February 9, 1965 (no hour stated) plaintiff appeared by both of her groups of attorneys with "No representation" for defendant. Evidence was taken at the close of which the record shows:

> PLAINTIFF'S COUNSEL: "Your Honor, on the testimony presented we ask for a decree of divorce."

> THE COURT: "Well, the decree will be held in abeyance until, I mean, I understand you submit—the decree will be granted and you submit the property settlement with the decree, and you submit it to opposing counsel for their checking as to form and complying with the terms of the settlement."

> PLAINTIFF'S COUNSEL: "Very well. Thank you, your Honor."

The Decree of Divorce indicates it was entered with defendant making no appearance either in person or by counsel and without Findings of Fact or Conclusions of Law.

There is some difference and confusion as to what occurred in the trial court and it is difficult to reconcile dates or versions of counsel. It would serve no useful purpose to review or try to reconstruct the proceedings except to relate the parties, their counsel and witnesses were present in chambers and in court apparently ready for trial on February 9th, though no record of a continuance from the February 2, 1965 trial date appears; that there was a discussion between counsel as to the action and negotiations for settlement took place; the trial judge was

cognizant thereof and from statements made by counsel and the transcripts he may have indicated if a divorce was granted he would approve a property settlement and child support in an amount stated, as well as custody and other items. However, no record was made of this nor was it reduced to a written agreement. It appears the parties were to agree on the terms and details and submit it in writing to be made a part of the Decree. That is confirmed by the court's statement at the close of plaintiff's evidence. The difficulty arose when the parties could not and did not arrive at a property settlement. A proposed agreement signed by plaintiff, a letter dated February 15, 1965, listing several items of property claimed by her and a proposed Decree of Divorce were submitted to defendant's attorneys. They did not meet with their approval as they claimed, in part at least, they were not in accord with the oral negotiations and agreement. Defendant was absent a few days during this time. On February 23rd, eight days after the above letter, without notice to defendant's attorneys, plaintiff's attorney presented the written Motion to the court requesting a Decree granting a divorce to plaintiff, giving custody of the children to plaintiff, allowing her to take the children to Alaska, support money for them and stating "the matter of a Property Settlement * * * may be determined at a later time upon Application * * * by the Plaintiff." Some of the reasons given in the Motion were:

"II

"That on the 9th day of February, 1965 and before the hearing hereinabove last referred to and in the presence of the Court, counsel for the respective Parties had stipulated orally to a Property Settlement Agreement, involving split custody of the said minor children, and that the Court then and there directed that the same should be reduced to writing, signed by the respective Parties and thereupon the same may be incorporated into as a part of the Divorce Decree.

"III

"That a proposed Stipulation and a Decree of Divorce has been reduced to writing and submitted to

counsel for the Defendant shortly after the 9th day of February, 1965 and such Stipulation was signed and notarized by the Plaintiff but that the Defendant has refused to sign the same and this Plaintiff verily believes that it is solely for the purpose of delaying the entry of a Decree of Divorce.

"IV

"That Plaintiff and her mother, the latter residing in Alaska but presently visiting here in Belle Fourche, South Dakota, find it imperative that they return to Alaska where Plaintiff's mother has a home and where the Plaintiff will also be able to make her home, to take care of her children and reasonably expects to have employment."

The Decree of Divorce entered complied with the Motion. In authorizing plaintiff to then take the children to Alaska with her, it was contrary to the agreement as claimed by defendant's attorneys and as plaintiff herself testified. Defendant was to have their custody in 1965 until summer vacation to obviate taking them to Alaska and returning them again for the summer vacation.[1]

■■ From the record we conclude defendant appeared at the trial by counsel, that entry of any degree was to be contingent on a property settlement agreement being reduced to writing and therefore entry of the Decree was erroneous. It cannot be doubted a property settlement had been and was being discussed and it was assumed the parties would reach an agreement which would be reduced to writing; that in accordance with the usual custom in such actions the settlement would be

---

1. The challenged Decree also required defendant to pay $100 a month child support money commencing March 1, 1965. The proposed Stipulated Property Settlement signed by plaintiff wife accorded with her testimony and provided defendant was to have their custody for March, April and May, 1965 and these payments were to be waived when the children were in defendant's custody. In later proceedings to hold defendant in contempt for not making payments thereunder, payments for these three months were included in his claimed default and the court found defendant in contempt of the Decree and required him to purge himself of such contempt by making payments for these three months or be committed to jail. Defendant also appeared by counsel at that hearing and set up the removal of the children contrary to the parties' agreement and other objections that had been before the same trial judge at the Motion for a New Trial.

referred to in, or made a part of, the decree and so fix and determine property rights as between the parties. This was especially apt in this action as plaintiff made claims of ownership of property or proceeds of sale of livestock. The court should have awaited this settlement agreement or further proceedings by counsel on notice to the other in the event the agreement could not be reduced to writing. That plaintiff believed it imperative she go to Alaska and take the children with her contrary to the parties' agreement was not cause for entry of the Decree as was done here. Apropos thereto, Rule of Professional Conduct No. 25 cautions "As far as possible, important agreements, affecting the rights of clients, should be reduced to writing;".

■ Nor could the court enter the Decree without Findings of Fact and Conclusions of Law. SDC 1960 Supp. 33.1403 states:

"Upon the trial of a question of fact by the Court, its decision consisting of findings of fact and conclusions of law separately stated must be given in writing and filed with the clerk, and no judgment shall be rendered or entered until after such filing of such decision."

SDC 1960 Supp. 33.1404 states in part:

"The formal decision of the Court in writing is waived as follows:

(1) By failing to appear at the trial;

(2) By consent in writing, filed with the clerk; * * *"

Defendant and his counsel did appear at the trial and did not consent in writing to waive findings of fact and conclusions of law. For that additional reason the court should have vacated the Decree, which relief defendant included in his Motion.

■ Respondent's counsel did not favor the court with a brief nor appear at oral argument. The complete record settled by the trial judge is before the court, as it is on all appeals and that record, rather than plaintiff's brief, has been the basis of the opinion and decision reached. While the responsibility to follow procedural rules rests equally on counsel and the court,

ultimately it rests on the court to restrain overzealous counsel.[2] We have set out the proceedings at some length to indicate not only counsel should follow the Rules of Procedure, but also the court record should reflect and show the proceedings fully.

The Order denying defendant's Motion is reversed.

All the Judges concur.

---

2. It is interesting to note that assuming a property agreement was not reached, plaintiff's counsel may have found difficulty in an attempt to procure one by court judgment, despite the clause providing for a hearing on that subject at a later time. The court has held there are no judgments other than final judgments and the retention of further jurisdiction to enter another judgment is ineffective. See Western Bldg. Co. v. J. C. Penney Co., 60 S.D. 630, 245 N.W. 909, and City of Mt. Vernon v. Althen, 72 S.D. 454, 36 N.W.2d 410. The provisions of a decree of divorce settling property rights of parties cannot be set aside, modified or altered except for fraud, mistake or other like reason applying to all judgments and becomes final if no appeal is taken. Johnson v. Lowary, 81 S.D. 202, 132 N.W.2d 823. Plaintiff procured the entry of this Decree and did not have the grounds for objection thereto timely raised by defendant's Motion and subsequent appeal. His efforts may be fortunate for plaintiff in this respect.