Harold BRENDEN and Edithe Brenden,
Plaintiffs and Appellees,

v.

Marvin G. ANDERSON and Delores J.
Anderson, Defendants and Appellants.

No. 13530.

Supreme Court of South Dakota.

Argued Jan. 21, 1982.

Decided Dec. 15, 1982.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiffs and appellees.

Ronald L. Schulz of Oviatt, Green, Schulz & Roby, Watertown, for defendants and appellants.

HENDERSON, Justice (on reassignment).

## ACTION

Harold and Edithe Brenden (appellees) brought an action against Marvin and Delores Anderson (appellants) seeking damages on the sale of a partnership interest dated December 20, 1978, based upon false representations at the time of sale. Both parties consented to a trial before a Codington County jury. Although appellees sought $15,446.72, a general verdict of $6,250.00 was returned by the jury in favor of appellees. This appeal ensued. We affirm.

## FACTS

Appellees and appellants entered into a written partnership agreement to sell mobile homes in Watertown, South Dakota. According to the partnership agreement, appellees were to receive a $900.00 monthly draw and appellants a $1,400.00 monthly draw from the company. However, appellees only received their monthly draw twice, for a total of $1,800.00, while appellants, during the period in question, received $10,600.00 in draws. Appellees apparently allowed this discrepancy to exist because they did not have full knowledge of appellants' draw and appellants had represented to ap-

pellees that sufficient cash did not exist for draws. A March 3, 1979, financial statement revealed that the partnership had profits of $38,347.38 from March 20, 1978, through December 20, 1978. In May 1979, appellees made inquiry of this profit matter. Appellant Mr. Anderson indicated that this discrepancy would be taken care of, but this eventuality did not occur.

It appears that money did exist for appellees' draws, but appellants (who were in control of the books and financial matters) chose to use company profits for other matters. Appellees, believing that the partnership was no longer beneficial, sold their interest to appellants. Sometime after the sale, a partnership tax return came to appellees' attention. This tax return revealed significant discrepancies in draws and led appellees to institute this action. Five separate issues are treated herein.

## ISSUES

### I.

WAS THE VERDICT RENDERED BY THE JURY SUFFICIENT TO SUPPORT THE JUDGMENT BELOW? WE HOLD THAT IT WAS.

### II.

DID THE TRIAL COURT ERR IN ALLOWING A TAX RETURN AND FINANCIAL STATEMENT INTO EVIDENCE? WE HOLD THAT IT DID NOT.

### III.

WAS THE JURY PROPERLY INSTRUCTED BY THE TRIAL COURT? WE HOLD THAT IT WAS.

### IV.

WERE DEPOSITION COSTS PROPERLY TAXED BELOW? WE HOLD THAT THEY WERE.

## V.

WAS THE TRIAL COURT CORRECT IN DENYING APPELLANTS' MOTIONS FOR SUMMARY JUDGMENT, DIRECTED VERDICT, TO STRIKE, IN LIMINE, JUDGMENT NOTWITHSTANDING THE VERDICT, AND NEW TRIAL? WE HOLD THAT IT WAS.

## DECISION

### I.

Initially, we address the validity of the jury verdict in this action on the basis of our holding in *Black v. Gardner,* 320 N.W.2d 153 (S.D.1982) (*Black*). A question exists as to whether appellees sought relief in law or equity. Although appellees' complaint and brief alleged that appellants breached fiduciary obligations, appellees' complaint also sought damages based upon false representations at the time of sale of the partnership interest and the jury awarded the remedy of damages.

 As we held in *Black,* in light of SDCL 15–6–39(c),[1] the law or equity question has lost its paramount role in regard to jury verdicts based on consensual jury trials. In *Black,* we addressed a jury verdict on an equity action and held:

> We now hold that SDCL 15–6–39(c) should be given full effect and that the verdic rendered by the jury after the parties had consented to a jury trial is all that is necessary to support the judgment. To the extent that this holding is inconsistent with [*State v. Nieuwenhuis,* 49 S.D. 181, 207 N.W. 77 (1926)] and the decisions based thereon, they are specifically overruled.

*Black,* 320 N.W.2d at 157. Therefore, the jury verdict herein need not be set aside in favor of findings of fact and conclusions of law by the trial court.

1. SDCL 15–6–39(c) provides:

 In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

However, another aspect of the law or equity question lingers. In *Munce v. Munce,* 77 S.D. 594, 598, 96 N.W.2d 661, 663–64 (1959) (*Munce*), we held:

> As a general rule in the absence of statute one partner cannot maintain an action at law against the other to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and ascertaining the share to which each is entitled and up to that time a partner's only remedy is to apply to a court of equity for dissolution and accounting. *Ellenbecker v. Volin,* 75 S.D. 604, 71 N.W.2d 208 [1955]. Exceptions to this general rule are set out in a supplementing annotation in 168 A.L.R. 1088.

The rationale for the general rule of *Munce* is drawn from 68 C.J.S. *Partnership* § 110 (1950) and *Ellenbecker v. Volin,* 75 S.D. 604, 609, 71 N.W.2d 208, 210–11 (1955) (*Ellenbecker*), wherein we held:

> "An accounting and settlement between copartners is a condition precedent to an action by one against another on partnership claims and transactions for the following principal reasons: (1) A dispute of this nature ordinarily involves the taking of a partnership account, for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. (3) Such a suit would necessitate that the party complained of be both plaintiff and defendant. (4) One partner does not own or have a right to any specific portion of the partnership property".

> SDCL 15–6–39(c) embodies the discretionary approach, as opposed to the historical, analogical, or federal Beacon-Dairy Queen approaches. *See* D. Dobbs, *Remedies* at 68–82 (1973).

Here, our factual pattern presents a sale of partnership assets, which is a different factual setting than envisioned by the general rule in *Munce, Ellenbecker,* and the C.J.S. section quoted above. Indeed, our holding in *Munce* took cognizance of the sale of a partnership as a distinction when we quoted with authority the following passage from *Crockett v. Burleson,* 60 W.Va. 252, 257, 54 S.E. 341, 342 (1906):

[W]here a purchasing partner discovering that his former partner fraudulently represented the status of the account between them brought an action for fraud, the court said: "The gravamen of the action in this case is the alleged tort—the alleged personal wrong done to one partner by another, as to which there can be no partnership relation. The late partnership is in no way concerned. It cannot be conceived that there is anything in the former partnership relation which prevents the maintenance of this action, brought for damages for the alleged deceit."

*Munce,* 77 S.D. at 599, 96 N.W.2d at 664.

■ Since our past decisions quote C.J.S., it is helpful to examine that authority in light of the facts at bar. 68 C.J.S. *Partnership* § 102 (1950) addresses the transfer of an interest to a copartner by stating:

A purchase in good faith by a partner of his copartner's interest in the firm vests the ownership of the firm property in the purchasing partner, and the right to the purchase price in the selling partner or his assignee, *for which, as discussed infra § 110b, an action at law may be maintained....* The agency of one partner for the other in the transaction of the partnership business does not exist in a transaction by which one of the partners purchases the interest of another.

\* \* \* \* \* \*

... A partner having sold his interest to a copartner, the confidential relationship is at an end and further dealings between the parties are at arm's length. (Emphasis supplied.)

68 C.J.S. *Partnership* § 110(b) (1950), then further reflects:

A partner may sell his interest to his copartners and recover the purchase price in an action at law, and it is immaterial whether or not such interest is encumbered by the terms of the partnership or whether its amount is fixed or the price agreed on.

Thus, C.J.S. establishes that an action at law may be had for the purchase price of the sale of a partnership even if the amount is not fixed.

■ Here, appellees contend that their price was artificially low because appellants misrepresented the value of appellees' interest. C.J.S., *supra,* § 110(c) then further reveals:

An action at law will lie for the balance thus ascertained to be due when an accounting and settlement have been had, *or where the affairs of the partnership have been so settled that the jury can, without an equitable accounting, ascertain the amount due as the balance owing by one partner to the other* under a settlement made by them, and the creditor partner cannot maintain a bill in equity for relief unless he can show fraud or mutual mistake in the settlement. If the fraud consists in false representations as to the state of the firm accounts or in dishonest appropriation of firm property by defendant partner an action at law for damages will lie against him. (Emphasis supplied.)

We hold that the jury was able, without an equitable accounting, to determine the amount of damages. Explicit portions of the partnership agreement, tax return information, sale agreement, and testimony at trial, provided sufficient legal grist for the jury to mold their damages remedy.

## II.

■ Appellants contend that the trial court erred by allowing a partnership tax return and financial statements into evidence because these documents did not exist at the time of the sale. We disagree. Appellants fail to cite any authority, and we have been unable to find any authority, for

the proposition that such business records are excludable because they were not formulated in time for the sale of a business. We are unable to see how the jury could have been prejudiced by these routine records of the partnership and these records were pertinent to the inquiry of false representations. The question of whether evidence is immaterial, conjectural or remote must be left to the practical judgment of the trial court and rests largely in its discretion. *Durham v. Ciba Geigy Corp.*, 315 N.W.2d 696 (S.D.1982); *Drier v. Perfection, Inc.*, 259 N.W.2d 496 (S.D.1977). We find no abuse of discretion here.

### III.

Appellants next assert that four of the trial court's instructions to the jury were improper and prejudicial because those instructions were not supported by competent evidence in the record. We have reviewed the evidence and the jury instructions in light of our holdings in *Schroeder v. Donlin*, 79 S.D. 311, 111 N.W.2d 609 (1961) and *Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199 (1958). Although we caution courts in giving instructions comprised substantially of a recital of the pleadings, we are convinced the instructions in this case were supported by evidence and did not constitute prejudicial error.

### IV.

Appellants next request this Court to hold that deposition costs should only be taxed when depositions are actually used at trial. We disagree. When depositions are taken in an unfrivolous manner and are necessary for counsel's preparation for trial, the expense of such is includable as part of a judgment. SDCL 15–17–4; *Grady v. Felker*, 85 S.D. 477, 186 N.W.2d 509 (1971). Here, we are satisfied that appellees' counsel had good cause to take depositions in preparation for trial.

### V.

We have reviewed appellants' claims that the trial court incorrectly denied appellants' motions for summary judgment, directed verdict, to strike, in limine, judgment n.o.v., and new trial, and we find appellants' claims without merit. At the summary judgment stage, the pleadings and appellee Mr. Brenden's affidavit raised a genuine issue of material fact. *Sioux Falls Construction Co. v. City of Sioux Falls*, 297 N.W.2d 454 (S.D.1980); *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968).

Appellants' motion for a directed verdict failed because appellees had placed into evidence substantial, credible evidence which viewed most favorably to appellees' position would allow reasonable minds to differ. *Urban v. Waits' Supermarket, Inc.*, 294 N.W.2d 793 (S.D.1980); *First Federal Savings and Loan Assoc. of Sioux Falls v. Union Bank & Trust*, 291 N.W.2d 282 (S.D. 1980). Appellants' other motions were likewise unwarranted and properly denied by the trial court.

The judgment below is affirmed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., dissents.

FOSHEIM, Chief Justice (dissenting).

The threshold question is whether the trial court had jurisdiction to enter judgment for appellees. It did not. This is an equitable action. However, there is no evidence in the record that findings were waived in the manner required by SDCL 15–6–52(b). This requires remanding the case with direction that the trial court enter findings, conclusions and judgment based thereon.

Harold and Edithe Brenden (appellees) and Marvin and Delores Anderson (appellants) were equal partners in the business known as B & B Mobile Homes at Watertown, South Dakota. In December 1978 appellants purchased appellees' partnership interest for $12,000. In this action appellees claim appellants breached their fiduciary duty by failing to fully disclose the financial condition of the partnership and that consequently appellants owe them an

additional $15,446.72. The jury returned a general verdict of $6,250 for appellees.

Appellee's request for a jury trial was unopposed and granted. While it appears this case was treated as an action at law, the pleadings, requested relief, evidence and arguments clearly shape it as an action in equity. *Skoglund v. Staab,* 312 N.W.2d 29 (S.D.1981); *Orr v. Kneip,* 287 N.W.2d 480 (S.D.1979). The complaint alleges a partnership; a sale contract of appellees' partnership interest to appellants; a breach by misrepresentation of the fiduciary duty as partners; and consequent detriment amounting to $15,446.72. Although appellees asked for "damages" in their complaint, they maintained in argument that they were not really seeking damages, but rather their proper share of the partnership assets. Appellees in effect asked the trial court to pierce the sale contract, because of the alleged misrepresentations, and award them what they have coming as equal partners in B & B Mobile Homes. That required a rescission of the contract and an accounting of the partnership affairs.

In *Munce v. Munce,* 77 S.D. 594, 96 N.W.2d 661, 663–64 (1959), we said:

As a general rule in the absence of statute one partner cannot maintain an action at law against the other to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and ascertaining the share to which each is entitled and up to that time a partner's only remedy is to apply to a court of equity for dissolution and accounting. *Ellenbecker v. Volin,* 75 S.D. 604, 71 N.W.2d 208.

*Munce* follows the general rule stated in 68 C.J.S. *Partnership* § 108, the reason for which we expressed in *Ellenbecker, supra* at 210–11 (citation omitted).

'An accounting and settlement between copartners is a condition precedent to an action by one against another on partnership claims and transactions for the following principal reasons: (1) A dispute of this nature ordinarily involves the taking of a partnership account, for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. (3) Such a suit would necessitate that the party complained of be both plaintiff and defendant. (4) One partner does not own or have a right to any specific portion of the partnership property'.

In *Munce* we cited with approval a West Virginia decision which discusses the exceptions to the above rule.

'If the demand, even though it relates in some measure to partnership matters, is yet so specific and distinct that the right to recover cannot in any event be affected by the state of the partnership accounts, it is suable at law. Thus an action of damages will lie when it does not involve any inquiry into the affairs of the firm. So an action lies for an agreed price of certain partnership stock. So upon an express promise to furnish a given amount of capital or to pay for particular articles. And on an express promise to pay half of a specific sum required for a certain joint adventure. So on a promissory note executed by one or more of the partners to a copartner, although the note is given in payment for partnership stock or is given for the use of the firm, and one item may be separated from the rest of the partnership transactions and adjusted independently so as to support an action. So an action will lie on a note given on a partnership settlement.' In the case of *Newman v. Ruby,* 54 W.Va. 381, 46 S.E. 172, an action at law was allowed by one partner against another for money advanced by the former in payment of the share of the latter to the capital of the firm. Judge Poffenbarger, delivering the opinion, quotes approvingly from Dr. Minor in part as follows: 'But, where no such adjustment of the partnership is requisite to reach the merits of the case, a partner may as readily sue a copartner, in a court of law, as a stranger.'

.Thus we see that one partner is not always precluded from an action at law against another partner upon contract, but that under certain circumstances such an action at law may be maintained *when it does not involve an adjustment or settlement of the partnership business or accounts, or where the subject-matter has been so separated from the partnership business as not to be a part of it.* (Emphasis supplied).

*Crockett v. Burleson,* 60 W.Va. 252, 54 S.E. 341, 342 (1906) (citations omitted).

In *Crockett* the plaintiff brought an action at law against his former partner for fraud, claiming that the debts he had taken over for value when he sold his interest to the defendant were either false charges or debts that had already been collected. On an appeal from a judgment dismissing plaintiff's suit, the Supreme Court of West Virginia reversed the trial court, holding that the plaintiff could properly bring an action at law because

> [t]he wrong complained of does not involve in this action the reopening or readjustment of the partnership business or accounts. The contract of settlement and dissolution stands without rescission. The ground of action is in no way connected with the state of the partnership accounts or business, except that the deceit is alleged to have been practiced in relation to the state of the indebtedness owing to the firm before the dissolution.

*Id.* The plaintiff in *Crockett* could prove the debts were false charges or had been paid by the testimony from the people the defendant claimed were indebted to the partnership. Thus, the subject matter had been separated from the partnership business and a reopening or readjustment of the partnership business or accounts was unnecessary to resolve the dispute.

In this case each party's evidence consisted of testimony and exhibits looking behind the contract and bearing directly on the state of the partnership business during the entire term of the partnership. Such evidence was not only proper, but necessary to determine whether appellants misrepresen-

ted, and failed to disclose, the true picture of the business as claimed. Without examining the partnership accounts it would have been impossible to grant the relief sought. Accordingly, the general rule we adopted in *Munce* and *Ellenbecker* applies.

Neither party disputes the fact that there has never been a final accounting and settlement of the partnership affairs. In fact, appellants have consistently maintained that had the partnership been dissolved according to the partnership agreement, appellees would have been entitled to their half interest. As it is, argue appellants, appellees simply sold appellants their interest for $12,000 in an arm's-length transaction. Appellants' position seemingly ignores long-established law in this State that partners are in a fiduciary relationship to each other and thus a partner is considered a trustee of partnership property, holding it for the benefit of the partnership. *Betts v. Letcher,* 1 S.D. 182, 46 N.W. 193 (1890); SDCL ch. 55–1; SDCL 48–1–13; SDCL 48–3–11, –12, –14; SDCL 48–4–1, –2. Application of these principles requires the trial court to establish, by way of an accounting, whether appellants breached their fiduciary duty as partners and to settle the partnership accounts accordingly.

Rescission and accounting actions are equitable in nature and thus the jury verdict in this case was advisory only. *Black v. Gardner,* 320 N.W.2d 153 (S.D.1982) (Fosheim, J., dissenting); *Heiser v. Rodway,* 247 N.W.2d 65 (1976); *Holzworth v. Roth,* 78 S.D. 287, 101 N.W.2d 393 (1960); *State v. Nieuwenhuis,* 49 S.D. 181, 207 N.W. 77 (1926); *Accord, Skoglund, supra.* Since the record reveals no waiver of findings and conclusions, a formal decision is required. *Bunnell v. Kindt,* 83 S.D. 377, 159 N.W.2d 923 (1968); *Nelson v. Nelson,* 82 S.D. 404, 147 N.W.2d 1 (1966); *Central Loan & Investment Co. v. Loiseau,* 59 S.D. 255, 239 N.W. 487 (1931); *In Re Lansing's Estate,* 51 S.D. 615, 216 N.W. 353 (1927); *Nieuwenhuis, supra;* SDCL 15–6–52(a); SDCL 15–6–52(b). Without the trial court's findings establishing the partnership accounts and its conclusions as to an equitable settlement

based on its findings, we cannot properly review the judgment. *Black, supra.*

The fact that this case was submitted without objection as a case at law cannot supply subject matter jurisdiction where none exists. Neither can the failure of either party to urge the conclusion herein reached affect the requirement that courts take notice of jurisdictional deficiencies. *Black, supra; In Re Mackrill's Add'n,* 85 S.D. 196, 179 N.W.2d 268 (1970); *Sioux City Boat Club v. Mulhall,* 79 S.D. 668, 117 N.W.2d 92 (1962); *In Re Okeson's Estate,* 52 S.D. 387, 217 N.W. 676 (1928).