INTERNATIONAL HARVESTER CO., Respondent, v.
GRABER, et al, Appellant.

(241 N. W. 726.)

(File No. 7272.   Opinion filed March 22, 1932.)

H. *Van Ruschen*, of Salem, and *Wm. S. Glanzer*, of Bridgewater, for Appellant.

*Parliman & Parliman*, of Sioux Falls, for Respondent.

PER CURIAM.   Graber Bros. of Bridgewater, S. D., desired to secure a contract to act as representatives of the International Harvester Company and to secure credit with said company.   The company did not deem the Grabers financially responsible and was unwilling to extend credit to them.   For the purpose of securing credit with and obtaining a .contract from the Interational Harvester Company, Graber Bros., not being then indebted to said company, nor representing said company (cf. Rawleigh Co. v. Warren, 47 S. D. 319, 198 N. W. 555; Furst v. Risse, 56 S. D. 418, 229 N. W. 293) procured defendant Walter to execute an instrument as follows:

"Copartnership Certificate

"(Must be signed by each individual partner)

"To International Harvester Company of America, a Corporation:

"For the purpose of obtaining credit from you, we, the undersigned do hereby certify that

"Graber Implement Co.,
Give correct business name

of        Bridgewater,        S. Dak.
             Town                    State

                    is a co-partnership composed of

"John Graber                            Bridgewater, S. D.
      Name.                                     Address

"Alfred Graber                          Bridgewater, S. D.
      Name.                                     Address

"Fred Franke, Jr.,                     Bridgewater, S. D.
      Name.                                     Address

"Joshua F. B. Walter,            Bridgewater, S. D.
      Name.                                     Address

"And hereby agree that upon the retirement of a copartner, or any other change in the membership of said copartnership, to give you immediate written notice thereof by registered mail addressed to you at Chicago, Illinois, and that no other form of notice shall be effective as a termination of further liability as a copartner.

"Dated June 13, 1929.

"John Graber,
      Name.

"Alfred Graber,
      Name.

"Fred Franke, Jr.,
      Name.

"Joshua F. B. Walter,
      Name.

"Signed in Presence of:

"L. J. Ballou,
"George Anderson."

This document, when signed by the four individuals whose names appear thereon, was presented to International Harvester Company at its branch office at Sioux Falls. Being satisfied of the financial responsibility of Walter, and in reliance upon the representations of said certificate, International Harvested Com-

pany contracted with and extended credit to Graber Implement Company. Thereafter International Harvester Company instituted the present action to recover from the individual signers of above certificate, as copartners, certain moneys due to it by reason of having contracted with and extended credit to the Graber Implement Company. At the conclusion of the testimony, the learned trial judge directed a verdict in favor of the plaintiff, and from judgment entered thereon and denial of his motion for new trial defendant Walter has appealed.

In view of the specific provisions of section 16, c. 296, Laws 1923 (section 16, Uniform Partnership Act) we do not see how the court could have done otherwise. Appellant, Walter, held himself out as a partner, and respondent had knowledge of such holding out and extended credit on the faith thereof. See Standard Oil Co. v. Henderson, 265 Mass. 322, 163 N. E. 743. The document in question was not and did not purport to be a guaranty nor an offer to guaranty, and section 1479, Rev. Code 1919, has no application.

The judgment and order appealed from are affirmed.

All the Judges concur.