STATE OF SOUTH DAKOTA, Appellant, v. SOO OIL CO. (BROWNELL CORPORATION, Garnishee; STENCIL, et al, Intervenors and Respondents).

(252 N. W. 494.)

(File No. 7478. Opinion filed February 1, 1934.)

*M. Q. Sharpe*, Attorney General, and *Charles P. Warren*, Assistant Attorney General, for the State.

*Doyle & Mahoney, Verne H. Jennings, Roy E. Willy*, and *Henry C. Mundt*, all of Sioux Falls, for Respondents.

CAMPBELL, J.  Defendant Soo Oil Company owned a filling station in Sioux Falls, S. D., with the equipment and fixtures thereof and a stock of gasoline and oil and engaged in the business of selling motor vehicle fuel.  On October 15, 1931, motor vehicle fuel tax due from said defendant to the state of South Dakota accrued during the period March 1, 1930, to that date, amounted to $4,973.40.  Penalty and interest on portions thereof past due amounted (according to the allegations of plaintiff's complaint) to $433.63 and $107.59, respectively.  On October 15, 1931, the Soo Oil Company sold all its assets, including its stock of merchandise and fixtures, in bulk to the garnishee defendant Brownell Corporation for the agreed purchase price of $6,604.  Brownell Corporation proceeded immediately to comply with the Bulk Sales Law (sections 914-921, R. C. 1919) and notified all creditors of Soo Oil Company, including the state of South Dakota.  Thereafter, and on October 27, 1931, the Attorney General instituted the present action in the name of the state against the Soo Oil Company to recover such gasoline tax with penalty and interest and garnishment process was duly served upon Brownell Corporation.  The garnishee disclosed the facts with reference to its purchase of all assets of Soo Oil Company and its compliance with the Bulk Sales Law; alleged the existence of creditors in value and amount more than the total purchase price; that it still retained possession of said purchase price, was in doubt as to its liability, and submitted the question to the court.  The interveners above named, being other creditors of defendant Soo Oil Company, came in and set up the amount of their respective claims.  The court determined the amount of each creditor's claim and ordered the Brownell Cor-

poration to pay in full to intervener Butler Manufacturing Company as a preferred claim the sum of $311 (said intervener being the conditional vendor of certain equipment included in the sale, security title to which it had reserved), and to prorate the balance of the purchase price to the state of South Dakota and the other interveners according to the amount of their claims, considering the claim of the state of South Dakota as a claim for $4,973 only and making no allowance to the state for penalty and interest. The court held, in substance, that the state was a common creditor of defendant Soo Oil Company to the extent of the amount of tax due and entitled to prorate as such with other common creditors after the payment of the preferred claim of intervener Butler Manufacturing Company. From a judgment entered accordingly, the state of South Dakota has now appealed.

Appellant maintains that in allowing its claim against Soo Oil Company penalty and interest to October 15, 1931, should have been included. This is an appeal from the judgment only. There is no finding whatever with reference to penalty or interest or the amount thereof, the only finding of fact with reference to the claim of appellant being No. 6, which reads as follows:

"That the Soo Oil Company, a corporation, sold motor vehicle fuel during the period from March 1, 1930, to October 15, 1931, upon which there is due to the State of South Dakota the sum of $4,973.40 tax, which said claim is a common claim against the Soo Oil Company, a corporation, and that the said State of South Dakota is a creditor of said Soo Oil Company and entitled to share pro rata with the other creditors in the proceeds of the consideration held by the Brownell Corporation, as Trustee, for the benefit of the creditors of said Soo Oil Company.".

The question of whether penalty and interest should have been added to the claim of the state cannot be considered in this state of the record, the appeal being from the judgment only.

Appellant contends that it acquired priority over the interveners by its service of garnishment process. Whether the sale by Soo Oil Company to Brownell Corporation was such a sale as falls within the provision of the Bulk Sales Law (as the trial court held it was) is not a question which can be litigated on this record; that it was such a sale must therefore be assumed, and

it follows that the consideration agreed to be paid is a trust fund for creditors of Soo Oil Company in the hands of Brownell Corporation. Section 915, R. C. 1919. It requires no supporting argument to say that where creditors are thus entitled to share a fund in the hands of the trustee, one of such creditors cannot acquire priority over others merely by serving garnishment process on the trustee.

██ Appellant further urges that its claim, being one due sovereignty in payment of a tax, is inherently entitled to priority over common or unsecured creditors. This presents the only substantial question on the appeal and it is a most interesting one. Clearly the payments required to be made by Soo Oil Company to the state in connection with its sales of motor vehicle fuel represent a tax. State v. City of Sioux Falls, 60 S. D. 330, 244 N. W. 365. It is equally clear that such tax is a personal liability and not a lien upon any assets of the corporation. It is clear also that there is no statute which by specific terms makes the tax a preferred claim against the assets of the insolvent corporation. It was admittedly the common law that the sovereign had a prerogative right to priority of payment out of the assets of an insolvent debtor as against all persons not having antecedent liens. It is provided by section 3, R. C. 1919, that the rules of the common law are in force in South Dakota except where they conflict with the will of the sovereign power as expressed in the Constitution, treaties, or statutes of the United States, or Constitution or statutes of this state or authorized ordinances. Whether, by virtue of such a statute, the state succeeds to the sovereign's prerogative right of priority (absent a waiver, abrogation, or modification thereof by the express or necessarily implied terms of some other statute) is a question upon which the cases are in conflict. They will be found collected and discussed in two comprehensive annotations, 51 A. L. R. 1355, and 65 A. L. R. 1331. See, also, supplemental decisions cited in A. L. R. "Bluebook." It appears to be the majority view that the states have succeeded to such prerogative right of priority. At least as limited to the case where the state seeks preference in the enforcement of personal liability for an unsecured tax claim, we are inclined to concur in the majority view. A careful examination of the point in a recent number of Michigan Law Review (vol. 31, pp. 970-975) leads the commentator to summarize by

saying, "The conclusion to be drawn is that any delinquent unsecured tax claim for which the insolvent is personally liable is to be preferred to all unsecured claims except expenses of receivership administration." We believe that conclusion is sound. To discuss the arguments advanced pro and con with reference to the matter would not be helpful. They are fully exemplified in the cases collected in the annotations above mentioned. The existence of such prerogative right has been recognized by federal cases in this jurisdiction [State of South Dakota v. Fiman (D. C.) 29 F. (2d) 770; Fiman v. State of South Dakota (C. C. A.) 29 F. (2d) 776], though held not applicable to a settlement in the distribution of the assets of a national bank because of specific statutory provisions relating thereto. As well exemplifying the majority view, see Marshall v. New York (1920) 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315; United States F. & G. Co. v. Bramwell (1923) 108 Or. 261, 217 P. 332, 32 A. L. R. 829; Shaw v. U. S. F. & G. Co. (Tex. Com. App. 1932) 48 S. W. (2d) 974, 83 A. L. R. 1113. In thus announcing the prerogative priority right of the sovereign state, we limit our holding expressly and specifically to a case such as the one before us, where the state is seeking to enforce the personal liability of an insolvent debtor for an otherwise unsecured tax payment and the question arises between the state and common or unsecured creditors of the insolvent. Whether the priority doctrine should have other and perhaps broader applications is a question which we expressly refrain from deciding until a case requiring such decision is presented.

Being of the opinion that the state was entitled to priority in this case as against common or general creditors of Soo Oil Company, it follows that the judgment appealed from must be and it is reversed and the cause is remanded with directions to enter conclusions and judgment upon the present findings in harmony with the views herein expressed. No costs will be taxed upon this appeal.

All the Judges concur.