In the Matter of the VOLUNTARY LIQUIDATION OF R-V LAND, USA.

No. 14030.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1983.

Decided Nov. 30, 1983.

Denis R. Eckert, Elk Point, for appellant Joe Gunn.

MORGAN, Justice.

This is an appeal from a judgment distributing sale proceeds which were raised in the course of the liquidation of R-V Land, USA. Appellant Joe Gunn (Gunn), one of many judgment creditors, also plaintiff in a garnishment action against the proceeds, appeals from the judgment order.

At some time prior to September 21, 1981, Phillip Peterson (Peterson), Union County State's Attorney, and Sam Zimmerman d/b/a R-V Land, USA, agreed that Dakota Liquidators would be hired to sell all inventory owned by R-V Land, USA. The sale was held September 21 through October 9, 1981. The Internal Revenue Service (IRS) of the United States Government levied upon the sale proceeds on September 25, 1981. As a result of that levy, Peterson paid to the IRS $22,293.91. After the sale was completed, on October 12, 1981, Peterson was served with the summons and garnishee affidavit for the case entitled *Joe Gunn v. Sam Zimmerman.* Approximately $11,209.81 remained after paying the IRS. Peterson, who was aware that there were numerous judgment creditors, petitioned the court to determine priorities of the creditors. Notice of hearing was given to all judgment creditors of record by first-class mail. After a hearing, at which many of the creditors appeared in person or by counsel, the trial court held that the federal government had first priority, the state of South Dakota had second priority, and then the remaining creditors should be paid in order of their filing their respective judgments in the office of the clerk of courts in Union County. The trial court further held that the garnishment proceedings instituted by Gunn had no effect in establishing priority.

Gunn first argues that SDCL 15-6-67(c), under which the trial court apparently proceeded to decide the case is inapplicable to the issues herein. Gunn reasons that, by commencement of a garnishment action, SDCL ch. 21-18 applies and, as the sole garnishment claimant he is entitled to all of the balance of the proceeds.

The record as it comes to us from the trial court is a conundrum. But from a review of the entire record we are in agreement with the disposition of the trial court on the only issue that is before us on this appeal, to-wit: the priority of the Gunn garnishment proceedings vis-a-vis the other judgment creditors.

We do not have to decide whether or not the trial court was correct in proceeding under the provisions of SDCL 15-6-67(c), rather than under SDCL ch. 21-18, because in our opinion the garnishment action had been merged into the proceedings. The record discloses: (1) the original garnishment summons and the returns of service are filed therein; (2) at the hearing Gunn's counsel stated: "I treated the [Peterson]

petition as an answer to my garnishment"; and, (3) Gunn's counsel filed a motion for judgment with the trial court although he admitted that he had not served anyone else "because I did not know who all was going to show up."

SDCL 21–18–27, which provides for the garnishee's affidavit disclosing liability, further provides, in essential part, that: "If the garnishee shall disclose any indebtedness, or the possession of any property to which the defendant, and any other person as well, make claim, he may set forth the names and residences of such claimants and so far as known the nature of their claims." The Peterson petition clearly discloses the extent of the proceeds in his possession and sets forth the names of the other claimants to these proceeds and the nature of their claim. While the provisions of notice to adverse claimants was not ordered nor served in compliance with SDCL 21–18–35, no one objected to the irregularity and all who appeared at the hearing were subject to the jurisdiction of the trial court for rendition of the final judgment.

Looking then to the substantive argument that Gunn, by reason of his garnishment proceedings, was entitled to judgment for all of the remaining proceeds, we disagree. Under the holdings of this court in *State v. Soo Oil Co.,* 62 S.D. 199, 252 N.W. 494 (1934), and *Murphy v. Connolly,* 81 S.D. 644, 140 N.W.2d 394 (1966), the trial court determination that the garnishment proceedings did not give Gunn priority over other perfected lienholders was correct. *See also In re Otto Huber & Sons, Inc.,* 3 B.R. 363 (Bkrtcy.D.S.D.1980).

We affirm the judgment of the trial court.

All the Justices concur.