**INSURANCE AGENTS, INC.,**
**Plaintiff and Appellee,**

v.

**Sam ZIMMERMAN, Defendant,**

**and**

**Joyce Zimmerman, Defendant**
**and Appellant.**

**No. 14768.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1985.

Decided Jan. 22, 1986.

Denis R. Eckert, Elk Point, for plaintiff and appellee.

Arthur L. Rusch of Bogue, Weeks & Rusch, Vermillion, for defendant and appellant.

FOSHEIM, Chief Justice.

This is an appeal from an adjudication that Joyce Zimmerman (Joyce) was liable with Sam [Wayland R.] Zimmerman (Sam) for insurance premiums owed to Insurance Agents, Inc. (Insurance Agents). We affirm.

Following their marriage in 1964, Sam and Joyce Zimmerman moved to Ponca, Nebraska, where for ten years they operated a business under the trade name of Sam's Sales & Rentals, selling and servicing recreational vehicles. In 1979 a similar business was commenced under the name of RV Land U.S.A. near Vermillion, South Dakota. Since 1980, Joyce has been teaching school in Sioux City, Iowa.

On June 6, 1980, Insurance Agents issued a policy showing the insured to be both Sam and Joyce Zimmerman, d/b/a RV Land U.S.A. The policy period was until June 1, 1981. However, due to lack of premium payment, the insurance was terminated on February 27, 1981. A policy audit revealed the sum of $3,415.84 was due on unpaid premiums.

About the time RV Land U.S.A. was commenced, Sam and Joyce experienced marital difficulties and separated for a short time. In July, 1980, they resumed living together and Joyce helped out in the business, mostly doing bookkeeping. A bank account known as Joyce Zimmerman, d/b/a J.Z. Enterprises, was then opened at the United National Bank, Vermillion, South Dakota. Only Joyce could draw checks on this account. However, deposits from RV Land U.S.A. sales were made to this account and some RV Land U.S.A. bills were paid from it.

In October, 1981, RV Land U.S.A. was liquidated. Joyce received some proceeds from that sale which were deposited to the J.Z. Enterprises account. On or about October 14, 1981, Joyce closed the J.Z. Enterprises account by obtaining a cashier's check payable to J.Z. Enterprises in the sum of $8,315.55. Although she testified otherwise, it appears Joyce then deposited this amount to her personal account in the Security National Bank in Sioux City, Iowa. Sam and Joyce then become involved in yet another business known as RV Liquidators, to which Joyce also transferred property.

The trial court found: that the insurance policy covering RV Land, U.S.A. listed both Joyce and Sam as one of the owners of the policy as a partner and that neither Sam nor Joyce objected; that Joyce listed Insurance Agents as her insurance carrier on her personal vehicle; and that both Joyce and Sam were involved in RV Liquidators. Thus, the lower court concluded that Joyce was a partner in the business known as RV Land U.S.A., Joyce Zimmerman d/b/a J.Z. Enterprises, and RV Liquidators and was therefore liable for debts incurred, including the premiums due Insurance Agents.

A trial court's findings of fact and decision are presumed correct and we will not seek reasons to reverse. *Lytle v. Morgan*, 270 N.W.2d 359 (S.D.1978); *Temple v. Temple*, 365 N.W.2d 561, 565 (S.D. 1985). Further, the credibility of witnesses and the weight to be accorded their testimony and the weight of evidence is for the trial court, *Nelson v. Palmquist*, 363 N.W.2d 570, 572 (S.D.1985), and we are not at liberty to change findings where the trial court has resolved conflicts in the evidence. *Gross v. Connecticut Mutual Life Insurance Co.*, 361 N.W.2d 259, 260 (S.D.1985). *See also* SDCL 15-6-52(a).

A partnership is an association of two or more persons to carry on, as co-own-

ers, a business for profit. SDCL 48–1–2. In *Munce v. Munce*, 77 S.D. 594, 96 N.W.2d 661 (1959), it was noted:

> Since there is no arbitrary test for determining the existence of a partnership, each case must be governed by its own peculiar facts and the existence of the relationship is a question for the trier of fact except in a case where the evidence is conclusive.

*Id.* at 597, 96 N.W.2d at 663. SDCL 48–2–13 provides:

> When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner, he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made:
>
> (1) When a partnership liability results, he is liable as though he were an actual member of the partnership;
>
> (2) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.

Here, Joyce's conduct with regard to the businesses of selling and servicing recreational vehicles between 1978 and 1983 must be examined as a whole to determine her status as a partner. A common thread runs through the various businesses from Sam's Sales & Rentals to RV Land U.S.A. through J.Z. Enterprises and RV Liquidators. The purpose of each business was to sell and/or trade recreational vehicles, trailers, and parts. At times Joyce did bookkeeping and greeted customers.

Joyce's name was associated with one of the first transactions involving the purchase of recreational vehicles for resale. She admitted giving money to Sam over the years for "his business," and to providing financing for RV liquidators and negotiating the final sale of the business.

Moreover, it appears that the trial court felt that Joyce's credibility was questionable and that the series of businesses were, for whatever purpose, not designed to help creditors trace assets. Though the name of the business changed, the common business purpose did not.

 In determining whether a partnership exists, the sharing of gross returns does not, of itself, establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived. SDCL 48–1–7. *Grigsby v. Day,* 9 S.D. 585, 70 N.W. 881 (1897). However, receipt by a person of a share of the profits of a business is, with some exceptions not applicable here, prima facie evidence that he is a partner in the business. SDCL 48–1–8. *Finger v. Northwest Properties, Inc.,* 63 S.D. 176, 257 N.W. 121 (1934).

The case of *Snell v. Watts,* 77 S.D. 534, 95 N.W.2d 453 (1959), also involved an alleged husband and wife partnership. The plaintiff was informed that the wife would handle the payments for the insurance. The wife opened a bank account in the name under which the parties were operating their business. She was authorized to sign checks on the account and paid the business bills. In *Snell*, the evidence included testimony that quoted Mr. Watts as stating in his wife's presence, "She is taking care of the business angle of it and I am taking care of the sales angles of it." *Id.* at 537, 95 N.W.2d at 455.

 In reversing a directed verdict for the defendant wife, this court acknowledged prior holdings which declared that strong evidence is required to prove a business partnership between a husband and wife because it is not uncommon for a wife to busy herself in the affairs of her hus-

band. *Id.* Nevertheless, in *Snell* this court concluded that the plaintiff established a prima facie showing of the existence of the alleged partnership and that the trial court erred in ruling that plaintiff's evidence of the existence of the partnership to be insufficient. *Id.* at 538–39, 95 N.W.2d at 455–56. In this case, the record is converse. Here, the trial court found a partnership existed. Consequently, the narrow question before us is whether the trial court was clearly erroneous in that finding and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. SDCL 15–6–52(a). The trial court could and did find from the evidence that in some measure Joyce labored for, and received a share of, the business profits. Thus, here, as in *Snell*, prima facie evidence of a partnership was established. SDCL 48–1–8.

█ While the record does not show the elements of a partnership with the strengths found in *Snell*, the evidence of no partnership does not approach a conclusive nature. *See Munce v. Munce, supra.* Furthermore, Joyce allowed her name to be associated with the partnership within the meaning of SDCL 48–2–13. We accordingly cannot conclude the findings of the trial court are clearly erroneous.

The judgment is affirmed.

MORGAN, HENDERSON, and WUEST, JJ., concur.

HERTZ, Acting J., dissents.

HERTZ, Acting Justice (dissenting).

I dissent.

Insurance Agents (Insurance Agents) commenced this action to recover insurance premiums due on a contract of insurance commencing on June 6, 1980, and effective through February 27, 1981. The insurance was provided by Insurance Agents to a business known as RV Land U.S.A. The issue is whether Sam Zimmerman (Sam) or Joyce Zimmerman (Joyce) or both of them are responsible for the debts of RV Land U.S.A. Joyce filed an answer denying responsibility for the insurance premium;

however, Sam filed no answer and defaulted in the lawsuit. Joyce appeals from that portion of the judgment which holds her jointly and severally liable to Insurance Agents for the premiums due.

In order for the proper resolution of the issue raised by this appeal, it is necessary to set out in greater detail the pertinent facts of this case.

Sam and Joyce were married in 1964 and they had three children. They were divorced on October 28, 1983. They also separated a number of times during their marriage. The major separations occurred from January through July of 1980, October through December of 1981, and August through October of 1983. Sam and Joyce lived in Ponca, Nebraska, from 1970 through 1980. While living in Ponca, Sam was involved in a gas station and trailer rental business known as Sam's Sales and Rentals. During that time, Joyce taught school in the South Sioux City School system. Also during this time Joyce helped out at Sam's business periodically, but received no pay or specific share of the profits.

In January of 1980 Sam left Joyce and moved to Vermillion, while she continued to live in Ponca, Nebraska. From January of 1980 until July of 1980 when the parties reconciled there was only one contact between Sam and Joyce. It was during this separation period that Sam established a business known as RV Land U.S.A. at the intersection of Highway 50 and I–29 in Union County, South Dakota. It was also during this time when Sam applied for some insurance from Insurance Agents. The insurance policy was for fire, automobile and workmen's compensation for the RV Land U.S.A. business venture. No part of the insurance was for Sam or Joyce individually, and the insurance specifically would not cover any vehicles owned by or registered in their individual names.

The application for insurance was signed by Sam only, and Insurance Agents acknowledge they didn't know why Joyce's name was never placed on the billing doc-

uments. The application for insurance was never entered into evidence at the trial court level.

Sometime in July of 1980 after this business insurance had been purchased, Sam and Joyce reconciled. Joyce continued teaching in Sioux City and she also began helping Sam at his business as a result of advice given by a marriage counselor. In the fall of 1980 Joyce purchased a personal automobile and requested Insurance Agents to provide insurance on the auto. This insurance coverage was never provided by Insurance Agents and she subsequently obtained insurance from another carrier. None of the vehicles that she had driven were ever owned by Sam or by RV Land U.S.A. In September of 1981 Sam entered into an agreement between himself as sole proprietor of RV Land U.S.A., and the Union County State's Attorney for the liquidation of RV Land, with the proceeds going to the various creditors of RV Land U.S.A. *See: In the Matter of the Voluntary Liquidation of R–V Land, USA*, 340 N.W.2d 458 (S.D.1983). Joyce was not a party to this agreement; however, she did help the State's Attorney in locating titles to the various vehicles involved in the sale.

In order for Insurance Agents to recover the unpaid insurance premium, it was necessary to show by a preponderance of the evidence that Joyce either directly or impliedly authorized Sam to incur this particular debt, and thereby acknowledging responsibility for the debt, or that an actual partnership or a partnership by estoppel existed under the facts of the case.

There was no evidence that Joyce ever requested this insurance or agreed to pay for it at the time Sam contracted with Insurance Agents. Insurance Agents admitted that the application for insurance was filed solely by Sam and that they never had any conversations with Joyce concerning the insurance, not to mention the consent to assume liability for the premium. Further, Sam admitted that he had no authorization from Joyce to purchase this insurance.

The trial court concluded that a partnership in fact existed, thereby rendering Joyce liable for the unpaid insurance premiums.

The separate property of a wife is not liable for the debts of her husband. SDCL 25–2–6. A husband has no original or inherent power to act as his wife's agent and to bind her to his acts unless she has authorized him to act as her agent or ratified his actions as her agent. *Bauer v. Graner*, 266 N.W.2d 88 (N.D.1978). It can never be presumed that a husband is his wife's agent and authorized to bind her by his actions. Proof of the existence of the marital relation does not establish the husband's agency for his wife. The agency of the husband is a question of fact which may be proved by either direct or circumstantial evidence. 41 C.J.S. *Husband and Wife* § 70 (1944).

The fact that Insurance Agents put Joyce's name on the policy does not make her responsible for the premiums unless there is further evidence that Joyce consented, authorized or ratified that act. There is some indication that the trial court concluded Joyce ratified the contract of insurance by Sam by her failure to object. However, silence after acquiring knowledge does not amount to ratification. 41 C.J.S. *Husband and Wife* § 69 (1944). Furthermore, the evidence was uncontradicted that no copy of the application was left with Sam; that Joyce never saw the billings for the insurance premiums; and that as a matter of fact, Joyce was not aware of the insurance purchased by Sam until she received a phone call at school, at which time she advised Insurance Agents that she had absolutely nothing to do with the RV Land U.S.A. business.

It is apparent from the Findings of Fact and Conclusions of Law entered by the trial court that Joyce's liability was predicated on the theory that a partnership, either actual or by estoppel, was proven by the evidence.

South Dakota has defined partnerships by statute: A partnership is an association of two or more persons to carry on as

co-owners a business for profit. SDCL 48–1–2. In determining whether a partnership exists, the rules contained in SDCL 48–1–5 to 48–1–8 shall apply. SDCL 48–1–4. Except as provided by SDCL 48–2–13 and 48–2–14, persons who are not partners as to each other are not partners as to third persons. Common ownership does not by itself establish a partnership. SDCL 48–1–6. Sharing gross returns does not of itself establish a partnership. SDCL 48–1–7. However, sharing profits is prima facia evidence of partnership. SDCL 48–1–8.

This state has adopted the rule that strong evidence is required to prove a business partnership between a husband and wife because it is not uncommon for a wife to help her husband in his business. *Snell v. Watts*, 77 S.D. 534, 95 N.W.2d 453 (1959). In *Snell* we held that a wife's activities in helping her husband in his business will not constitute a partnership unless there are further indications that the parties intended a partnership or, as it was in *Snell*, there are admissions that they were business partners. It is important to note here that there was never any admission on the part of Joyce or any testimony by any other person that Sam and Joyce were business partners. In fact, Insurance Agents, in their one contact with Joyce, were advised by Joyce that she had nothing to do with the RV Land U.S.A. insurance, and that they had better talk to Sam. *Snell* obviously is *no help* to Insurance Agents because of the distinct factual difference, that being the admission in *Snell* that the spouse was a partner.

The trial court found as a fact that Sam and Joyce jointly operated Sam's Sales and Rentals in Ponca, Nebraska. There appears to be no evidence to support this finding. Both Sam and Joyce testified that this was not true, and this was the only evidence offered on the subject. Insurance Agents failed to introduce any evidence of joint operation to support this finding by the court. The trial court found that Sam and Joyce moved to Vermillion in 1979 when the uncontradicted fact is that Joyce moved to Vermillion in July of 1980, which was the time of the reconciliation of the parties after one of their separations. The trial court found that Joyce received consideration from the liquidation of RV Liquidators, which came into existence two years after the contract of insurance entered into by Sam. The evidence again supports the conclusion that Joyce did not receive any such consideration. The court also held that RV Liquidators was "born out" of RV Land U.S.A. and conducted jointly by Joyce and Sam. Again there is no evidence in the trial record to support this finding, and one which was specifically denied by both Joyce and Sam.

In determining whether a partnership exists there are three requirements that must be met: (1) an intent to form a partnership; (2) sharing in the profits; and (3) authority of each party to run the business. Rowley on Partnership § 7.6 (2d ed.) There was no finding by the trial court of intent of Sam and Joyce to establish a partnership; no finding of sharing of profits; and no finding of joint control over the business. Since there was no findings as to any of the indicia of partnership, there can be no conclusion of law entered that there was a partnership.

The testimony at the trial clearly shows that no actual partnership existed, nor was there partnership by estoppel. The following is an itemization of acts and conduct which belie the existence of a partnership:

(a) RV Land U.S.A. was established between January of 1980 and July of 1980, which coincidentally occurred during one of the extended separations of the parties.

(b) Sam obtained all of the necessary licenses for the business solely in his name.

(c) All of the business tax returns for the business were filed in Sam's name as a sole proprietorship.

(d) During this period of separation Sam applied for the insurance which resulted in the premium claim by Insurance Agents.

(e) No part of the insurance was for Sam or Joyce individually so that it could

not be said that Joyce personally benefited by the policy.

(f) Joyce was not present at the time Sam applied for this insurance.

(g) Joyce never authorized Sam to act in her behalf.

(h) Sam testified that he had no authority to order insurance on Joyce's behalf.

(i) Sam testified without contradiction that he never told anyone, let alone Insurance Agents, that he and Joyce were partners.

(j) That Insurance Agents at no time asked whether they were partners.

(k) The application for insurance was never signed by Joyce.

(l) When Joyce and Sam reconciled in July of 1980 Joyce continued her teaching duties in the Sioux City School system, albeit she did begin helping Sam in his business as time would permit as a result of advice given by a marriage counselor.

(m) Joyce was never paid for her help, nor did she ever give any indication to anyone that she was a partner.

(n) There was no written or oral partnership agreement or profit sharing agreement.

(o) Joyce never had any authority to sign checks on the RV Land account.

(p) Joyce, as a matter of fact, did not receive any of the profits from RV Land U.S.A.

(q) At all times the income from RV Land and all the other businesses that Sam was involved in was reported on Schedule C of his income tax return as a sole proprietorship.

(r) There never were any partnership income tax returns filed by Sam or Joyce.

(s) The money generated from RV Land U.S.A., and even the other businesses later initiated by Sam, was withdrawn for business uses and not for personal benefit of Joyce.

(t) State and federal tax returns all showed that RV Land U.S.A. was a sole proprietorship in the name of Sam.

Joyce admitted she had a right to sign checks on the J.Z. account and did deposit money in that account and write checks on it. However, the evidence was also clear that she was never authorized to sign checks on the RV Land U.S.A. account. It has been held that a wife drawing checks on a bank account does not by itself establish a partnership. *Skaar v. Wisconsin,* 61 Wis.2d 93, 211 N.W.2d 642 (1973). The fact that Joyce did some bookkeeping and occasionally waited on customers when not involved in her teaching duties does not establish a partnership. *Ogallala Fertilizer Co. v. Salsbery,* 186 Neb. 537, 184 N.W.2d 729 (1971). Joyce assisted in the sale of the RV Land U.S.A. assets and received a consideration of $8,000.00 for the sale of the business assets, which she testified was paid over to Sam and Sam testified that he in fact received that money. RV Liquidators was in existence approximately two years after the insurance contract at issue herein. Even if it somehow can be presumed that Joyce was a partner in RV Liquidators, which she has denied, this certainly does not make her liable for the debts of RV Land U.S.A. which were incurred two years earlier.

In *Munce v. Munce,* 77 S.D. 594, 96 N.W.2d 661 (1959), where a relative worked in a business for 23 years, this court held that this did not make the relative a partner in the business. As mentioned herein, in order to establish a partnership there must be proof that the parties intended a partnership, that the profits were shared, and the parties shared control over the business. No sufficient evidence in any of these areas was ever presented for consideration by the trial court in the determination of the partnership status of the parties.

Although Insurance Agents claim that Joyce financially profited because of the RV Land U.S.A. business, that is if it had been financially successful, that does not

make the wife a partner in the business. If this was so, every wife would be a partner in the business venture of their respective husbands. *South Sioux City Star v. Edwards*, 218 Neb. 487, 357 N.W.2d 178 (1984).

In deciding that Joyce was a partner, the trial court ignored the fact that there is a great distinction between a partner and an employee. A partner shares in the profits and losses and has equal rights in the management and conduct of the business, whereas an employee is controlled in his performance of the work and does not share in the profits and losses. Annot., 137 A.L.R. 6, 11 (1942).

The evidence does show that Joyce had her full-time teaching job in Sioux City and Sam had his time involved with RV Land U.S.A. It seems unreasonable to assume therefrom that she could be a full-time partner with rights of management and control.

From all of the foregoing it is clear that Insurance Agents failed in their proof insofar as to whether or not an actual partnership existed between Sam and Joyce.

Neither is there any evidence of a partnership by estoppel.

SDCL 48–2–13 provides that one may be liable as a partner by estoppel if one holds himself out as a partner and another relies on that. There is simply no evidence in the record to support a conclusion that Joyce held herself out as a partner with Sam in the business conducted under the name of RV Land U.S.A.

Insurance Agents have presented testimony concerning events occurring between Sam and Joyce long before and long after the purchase of the insurance. However, there is simply no evidence that Insurance Agents were aware of those prior events at the time they extended credit to Sam or that they relied upon those events in any way. This being so, partnership by estoppel simply has no application to the facts of this case.

The trial court apparently relied upon five business events in reaching its conclusion that an actual partnership or a partnership by estoppel existed. However, a reading of the record indicates that these incidents all occurred after June 6, 1980, on which date Sam had purchased the insurance. It is difficult to visualize any reliance on behalf of Insurance Agents based on these after-the-fact occurrences. It is significant in this regard that the check written by Sam at that time to Insurance Agents indicated a corporation, RV Land U.S.A., Inc., and not a partnership. Certainly there was nothing in the issuance of this check that would permit the inference that Joyce was a partner. It is also worthy of note that an examination of the documents filled out by Insurance Agents on June 6, 1980, indicates that they were looking towards Sam and not to Joyce for the payment of the insurance premium. The company memo indicates that the insured is Sam Zimmerman, d/b/a RV Land U.S.A. It is obvious that the insurance was sold to Sam, not to Joyce.

South Dakota has enforced partnerships by estoppel, but only where the parties have held themselves out as partners and by so doing, induced others to deal with them as partners. *Anderson v. Security Land Co.*, 55 S.D. 40, 224 N.W. 937 (1929), and *IHC v. Graber*, 59 S.D. 601, 241 N.W. 726 (1932).

In the view of this writer at least, Insurance Agents have failed to sustain their burden of proof to establish either an actual partnership or a partnership by estoppel. Joyce did nothing more than any wife would do who was trying to hold together a precarious marriage. She tried to help her husband out through her own labor when she was not required to be teaching. It would seem that if the amount of help that Joyce offered to her husband in his business ventures constituted a partnership, then many marriages would effect the same result. The majority decision makes a wife with but very minimal contacts in her husband's business, a full-fledged partner liable for the debts incurred solely by her husband. This in spite of the fact that

the evidence is almost overwhelming to the contrary.

It seems patently obvious to this writer that Insurance Agents initially looked to Sam only for the insurance premium payment. However, when Sam became insolvent Insurance Agents needed to look for someone better situated financially—who better than the luckless wife of Sam Zimmerman.

Accordingly, I am compelled to conclude that the trial court's decision was clearly erroneous and therefore the decision should be reversed.